NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-908

COMMONWEALTH

vs.

EDWARD L. DAVIS, THIRD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury convicted the defendant of carrying a firearm without a license, pursuant to G. L. c. 269, § 10 (a). On appeal, the defendant argues that (1) a judge (motion judge) should have granted his motion to suppress evidence recovered during an inventory search of a vehicle, and (2) a different judge (trial judge) abused her discretion by admitting evidence of a Criminal Justice Information Services (CJIS) query, which yielded no record of anyone with the defendant's name and date of birth who had a firearms license. We affirm.

Discussion. 1. Motion to suppress. We summarize the facts as found by the motion judge, supplemented with "evidence from the record that is uncontroverted and undisputed and where

the judge explicitly or implicitly credited the witness's testimony" (quotation omitted).  Commonwealth v. Garner, 490 Mass. 90, 94 (2022).  On June 30, 2021, around 2:35 A.M., a Massachusetts State police trooper saw a Honda Pilot driving with a broken front headlight on Route 12 in Leominster.  The trooper ran the car's registration, which came back to a Saturn vehicle, not a Honda.  The trooper then stopped the Pilot.  The defendant was sitting in the passenger seat without a seatbelt.  He did not have any identification, but provided his name, date of birth, and social security number.  When the driver explained that he had recently bought the Pilot and had not yet obtained registration, the trooper told him that he had to impound the Pilot.  After both the defendant and the driver exited the Pilot, the trooper conducted an inventory search.

During the inventory search, the trooper observed a bag on the floor in front of the passenger seat.  The trooper asked the defendant if the bag belonged to him, and the defendant answered affirmatively.  When the trooper asked the defendant what was inside the bag, the defendant said, "you can open it."  The trooper opened the bag, saw a firearm, and arrested the defendant.  Further observation of the firearm revealed that it contained a loaded magazine.

"In reviewing a ruling on a motion to suppress evidence, we accept the judge's subsidiary findings of fact absent clear

2

error" (quotation omitted). Commonwealth v. Daveiga, 489 Mass. 342, 346 (2022). "We review independently the application of constitutional principles to the facts found" (quotation omitted). Id. The defendant neither challenges the propriety of the stop nor the impoundment of the vehicle. Rather, the defendant contends that a lawful inventory search became an unlawful investigative search when the trooper asked the defendant about the bag's contents, instead of simply giving the bag to the defendant.

"Inventory searches are intended to be noninvestigatory and are for the purpose of safeguarding the defendant's property, protecting the police against later claims of theft or lost property, and keeping weapons and contraband from the prison population." Commonwealth v. Barillas, 484 Mass. 250, 256 (2020). "[A]n inventory search must hew closely to written police procedures and may not conceal an investigatory motive" (quotation omitted). Commonwealth v. Rosario-Santiago, 96 Mass. App. Ct. 166, 175 (2019). "[I]n considering whether the government has met [its] burden of proof [as to the legality of the search], the written inventory policy is the best evidence" (quotation omitted). Id. at 176.

The defendant does not challenge the legality of the inventory policy itself. He relies on Commonwealth v. Abdallah, 475 Mass. 47, 51 (2016), and Commonwealth v. Nicoleau, 90 Mass.

3

App. Ct. 518, 522 (2016), to support his argument that the trooper was not authorized to conduct an inventory of the defendant's bag because there was a "reasonable alternative" to doing so. However, the trooper in this case operated under a different inventory policy than did the police in those cases. Here, the written inventory policy required the State trooper to inventory the "interior of the vehicle." In doing so, the inventory policy states, "[a]ll closed but unlocked containers shall be opened, and each article inventoried individually." The bag was not locked, thus the inventory policy required the trooper to open it and inventory its contents.

The inventory search did not become unlawfully investigatory simply because the trooper asked the defendant what was inside the bag. See Commonwealth v. Lyles, 453 Mass. 811, 815 (2009) (police do not effect a seizure merely by asking questions). The defendant was not in custody at the time and thus was free to leave without responding to the trooper. However, the defendant immediately gave the trooper permission to search the bag. We therefore agree with the motion judge that, in addition to being a lawful inventory search, the trooper's search of the bag was proper based on the defendant's free and voluntary consent. See Commonwealth v. Ortiz, 478 Mass. 820, 823 (2018).

4

2.  CJIS query evidence.  To prove that the defendant carried a firearm without a license, the Commonwealth bears the burden of proving beyond a reasonable doubt that the defendant lacked a firearms license at the time of the offense.  See Commonwealth v. Guardado, 491 Mass. 666, 690, S.C., 493 Mass. 1 (2023), cert. denied, 144 S. Ct. 2683 (2024).  At trial, a CJIS employee, Mario Monzon, testified that he conducted a query of a CJIS database of firearm licenses by entering the defendant's first name, last name, and date of birth.  The response to the query was, "No Records Found."  A printout of the query was also admitted into evidence.

The defendant asserts that both the testimony and the printout were inadmissible hearsay that violated the defendant's confrontation clause rights because the witness was not responsible for inputting or maintaining the records, which consisted of statements from licensing authorities, not CJIS.[1]  "We do not disturb a judge's decision to admit [or exclude] evidence absent an abuse of discretion or other legal error" (quotation omitted).  Commonwealth v. Souza, 492 Mass. 615, 626

---

[1] The Supreme Judicial Court is currently considering the issue of the admissibility of a CJIS employee's testimony that a CJIS query returned no firearms licensing information for a defendant.  Commonwealth vs. Smith, No. SJC-13670 (argued March 3, 2025).  Neither party to this appeal has requested a stay pending the resolution of that case.

(2023).  "Testimony . . . that a diligent search failed to disclose a public record or statement is admissible in evidence if the testimony . . . is offered to prove that . . . the record or statement does not exist."  Mass. G. Evid. § 803(10)(A) (2025).

Here, Monzon testified to the process of applying for a firearms license, how the licensing authority inputs and maintains issued licenses into the Massachusetts Instant Record Check System, and how that data can be accessed through a CJIS query.  Although Monzon himself did not create or input the records, he established his familiarity with the system and the process he used to diligently conduct a CJIS query for a record of a firearms license issued to someone with the defendant's name and date of birth.  Neither the testimony nor the query printout was admitted in error because Monzon's testimony laid the requisite foundation regarding how records of firearms licenses are created, maintained, and accessed via CJIS.  See Guardado, 491 Mass. at 698 (Lowy, J., concurring).  Contrast

6

Commonwealth v. Encarnacion, 105 Mass. App. Ct. 46, 51 n.6 (2024) (absence of record inadmissible where no such foundation laid).

Judgment affirmed.

By the Court (Desmond, Sacks & Brennan, JJ.[2]),

Clerk

Entered:  June 17, 2025.

---

[2] The panelists are listed in order of seniority.